UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00742-GNS

WL ELIZABETH AL, LLC et al. PETITIONERS

v.

JORDAN ALEXANDER RESPONDENT

# **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Respondent's Motion for Summary Judgment (DN 32), Petitioners' Motion for Leave to File Second Amended Petition to Compel Arbitration (DN 38), and Petitioners' Motion to Strike (DN 39). The motions are ripe for adjudication.

## **I. BACKGROUND**

In 2023, Bluegrass Assisted Living of Elizabethtown ("the Facility") admitted Lea Ann Caplinger ("Caplinger"). (1st Am. Pet. ¶ 13, DN 27). The Facility is owned and operated by WL Elizabeth AL, LLC d/b/a Bluegrass Assisted Living of Elizabethtown ("BAL").[1] (1st Am. Pet. ¶ 13). During the admissions process, Kelsey Alexander, Caplinger's attorney-in-fact, purportedly signed an arbitration agreement requiring any dispute between the Facility and Caplinger, including "all persons whose claim is or may be derived through or on behalf of her[,]" be resolved through arbitration. (1st Am. Pet. ¶¶ 14-17). One day during Caplinger's stay at the Facility, staff discovered Caplinger engulfed in flames in the Facility's courtyard. (State Ct. Compl. ¶ 20, DN

[1] BAL is owned by Petitioner Walklight Senior Living LLC d/b/a Bluegrass Assisted Living ("Walklight"), a holding company. (1st Am. Pet. ¶ 3). William James Group, LLC "was a third-party company that provides oversight" to BAL. (1st Am. Pet. ¶ 3). Petitioners William Marcel Trimble III and James Justice are members of BAL, Walklight, and Williams James Group, LLC. (1st Am. Pet. ¶¶ 1-5).

1-1). Caplinger sustained burns to 55% of her body and ultimately died from her injuries. (State Ct. Compl. ¶¶ 19, 22-23). Following Caplinger's death, the Hardin District Court (Kentucky) appointed Respondent Jordan Alexander ("Alexander") as Administrator of Caplinger's estate. (Am. Pet. ¶ 6). Alexander filed a negligence and wrongful death action in Hardin Circuit Court (Kentucky) against Petitioners BAL, Williams James Group, LLC, Walklight, William Tremble, III, and James Justice (collectively "Petitioners"), as well as Danielle Caswell, the Facility's director. (State Ct. Compl. ¶¶ 4-9, 27-52).

On December 23, 2024, Petitioners filed this action seeking an order compelling arbitration and related relief against Alexander as Administrator of Caplinger's Estate. (Pet. ¶¶ 21-32, DN 1). Alexander then moved to dismiss the Petition and Petitioners' subsequently moved for leave to file an Amended Petition and to compel arbitration. (Resp't's Mot. Dismiss, DN 12; Pet'rs' Mot. Leave Amend, DN 15; Pet'rs' Mot. Compel Arbitration, DN 22). On March 2, 2026, the Court granted Petitioners' leave to amend, and Petitioners' First Amended Petition was filed as of record.[2] (Mem. Op. & Order 11, DN 26; 1st Am. Pet., DN 27). The Court also denied Alexander's motion to dismiss and motion to stay as moot and ordered Alexander to file a response to Petitioners' motion to compel arbitration.[3] (Mem. Op. & Order 11; Resp't's Mot. Dismiss; Resp't's Mot. Stay, DN 24).

Instead of filing a standalone response to Petitioners' motion to compel arbitration, Alexander filed a motion for summary judgment with a combined memorandum in support of the motion for summary judgment and in opposition to the motion to compel arbitration. (Resp't's

[2] Petitioners' motion to compel arbitration was administratively remanded on March 16, 2026, and reinstated by subsequent order on October 21, 2026. (Order, DN 29; Order, DN 44).

[3] The Court ordered Alexander to file his response to Petitioners' motion to compel arbitration by March 23, 2026, a deadline which was later extended to May 8, 2026. (Mem. Op. & Order 11; Agreed Order, DN 30).

Mot. Summ. J., DN 32; Resp't's Combined Mem. Supp. Mot. Summ. J. Mot. Compel Arbitration, DN 32-1). Petitioners then filed a combined reply to the motion to compel arbitration and a response to Alexander's motion for summary judgment, moved for leave to file a Second Amended Petition to compel arbitration, and moved to strike Alexander's motion for summary judgment. (Pet'rs' Combined Reply Mot. Compel Arbitration Resp. Mot. Summ. J., DN 40; Pet'rs' Mot. Leave Amend, DN 38 [hereinafter Pet'rs' 2d Mot. Leave Amend]; Pet'rs' Mot. Strike, DN 39). Alexander subsequently filed responses opposing the motion for leave to amend and the motion to strike, along with a reply in support of his motion for summary judgment. (Resp't's Resp. Mot. Leave Amend, DN 43 [hereinafter Resp't's Resp. Pet'rs' 2d Mot. Leave Amend]; Resp't's Resp. Pet'rs' Mot. Strike, DN 42; Resp't's Reply Mot. Summ. J., DN 41). Accordingly, the motions are now ripe for adjudication.

## II. DISCUSSION

### A. Petitioners' Motion for Leave to File Second Amended Petition (DN 38)

Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Although Rule 15(a)(2) states that "[t]he court should freely give leave when justice so requires[,]" leave to amend may be denied because of undue delay, bad faith by the moving party, undue prejudice to the non-moving party, or futility of the proposed new claim. Fed. R. Civ. P. 15(a)(2); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999).

Petitioners request leave to file a proposed Second Amended Petition to clarify the third-party beneficiaries to the arbitration agreement. (Pet'rs' 2d Mot. Leave Amend 2-3). Specifically, Petitioners wish to add the following paragraph:

> Petitioners, Walklight Senior Living LLC d/b/a Bluegrass Assisted Living; Williams James Group, LLC; William Tremble, III; and James Justice, were

> intended by Respondent and Petitioner, WL Elizabethtown AL, LLC d/b/a Bluegrass Assisted Living of Elizabethtown, to benefit from the Agreement and, therefore, are intended third-party beneficiaries of the Agreement.

(Proposed 2d Am. Pet. ¶ 38, DN 38-1).[4] Alexander argues in response that leave to amend should be denied because Petitioners previously had the chance to cure the deficiency and "did not even attempt to assert third-party beneficiary status in their original petition." (Resp't's Resp. Pet'rs' 2d Mot. Leave Amend 2). While the parties disagree as to when each side first raised the third-party beneficiary argument, "a delay in time without prejudice is not enough to deny a motion to amend." *Cook v. Field Packing Co.*, No. 4:05CV83-M, 2006 WL 1523233, at *2 (W.D. Ky. May 31, 2006) (citing *Duggins*, 195 F.3d at 834); (Resp't's Resp. Pet'rs' 2d Mot. Leave Amend 2). Courts have found undue prejudice and rejected motions to amend "when a plaintiff possessed the information necessary to state a claim prior to the close of discovery, but did not seek to amend his complaint until after discovery. . . ." *Cook*, 2006 WL 1523233, at *2 (citing *Duggins,* 195 F.3d at 834). In contrast, discovery has yet to begin in this case and Alexander has not alleged how he would be prejudiced should the Court grant leave to amend.[5]

---

[4] Petitioners incorrectly state that the third-party beneficiary theory in new paragraph 38 "is the only change from the first Amended Petition." (Pet'rs' 2d Mot. Leave Amend 3). Although not raised by Alexander, the proposed Second Amended Petition includes five additional paragraphs—paragraphs 21, 26, 29, 30, and 31—along with an alteration to paragraph 28, which all differ from the First Amended Petition filed as of record. (*Compare* Proposed 2d Am. Pet. ¶¶ 21, 26, 28-31, DN 38-1, *with* 1st Am. Pet., DN 27). These additional paragraphs, however, do not add new legal arguments and primarily relate to the mutual mistake theory addressed in the previous order granting leave to amend. (Mem. Op. & Order, DN 26).

[5] Alexander relies on *Conway v. Amazon, Inc.*, No. 3:20-CV-625-RGJ, 2022 WL 2252600 (W.D. Ky. June 22, 2022) to assert that leave to amend should be denied because Petitioners were "on notice of the deficiencies, yet it failed to cure them in a first amendment." *Id.* at *5; (Resp't's Resp. Pet'rs' 2d Mot. Leave Amend 2-3). This comparison is unavailing because in *Conway*, leave to amend was denied when the plaintiff failed to comply with this Court's order to cure two deficiencies in her original complaint and filed her amended complaint more than a month after the deadline—factors not present in this case. *Conway*, 2022 WL 2252600, at *2.

Alexander also contends that Petitioners' amendment clarifying the third-party beneficiaries to the arbitration agreement is futile. (Resp't's Resp. Pet'rs' 2d Mot. Leave Amend 3). An amendment is futile if it could not withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). To survive dismissal, a complaint or petition "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Alexander asserts that Petitioners' proposed amendment fails to meet this standard because the "purported Arbitration Agreement does not even mention Walklight Senior Living LLC; Williams James Group, LLC; William Tremble, III; and James Justice, much less purport to make them third-party beneficiaries." (Resp't's Resp. Pet'rs' 2d Mot. Leave Amend 2 (citation omitted)). In Kentucky, however, "[t]hird parties . . . may seek to enforce the terms of the contract by showing that the parties to the contract intended by their agreement to benefit the third parties directly . . . . Such intent need not be expressed in the agreement itself; it may be evidenced by the terms of the agreement, the surrounding circumstances, or both." *Grimes v. Modco, Inc.*, No. 3:18-CV-518-RGJ, 2020 WL 1325357, at *3 (W.D. Ky. Mar. 20, 2020) (alterations in original) (internal quotation marks omitted) (citation omitted). Therefore, although the arbitration agreement does not contain express language naming the intended beneficiaries, this omission does not preclude Petitioners from plausibly alleging their third-party beneficiary status from the surrounding circumstances and terms of the agreement. (Pet. Ex. B, DN 1-2); *see Louisville Gas & Elec. Co. v. Cont'l Field Sys., Inc.*, 420 F. Supp. 2d 764, 772 (W.D. Ky. 2005) ("The Court does not agree that the oral or written agreement must contain specific reference to the third party beneficiary."). At this stage, it is plausible that Walklight (the owner of BAL) and Williams James

Group, LLC (a third-party company providing oversight to BAL), along with William Tremble, III; and James Justice—both of whom are members of BAL, Walklight, and Williams James Group, LLC—were also intended to directly benefit from the arbitration agreement between Caplinger and BAL. (1st Am. Pet. ¶¶ 1-5). Accordingly, Petitioners' proposed amendment is not futile, and the motion for leave to amend is granted.

**B. Petitioners' Motion to Strike (DN 39)**

Under Fed. R. Civ. P. 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Striking a pleading "is a drastic remedy to be resorted to only when required for the purposes of justice . . . [and] should be granted only when the pleading to be stricken has no possible relation to the controversy." *Brown v. Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (internal citation omitted) (citations omitted). In general, such motions are disfavored and infrequently granted in this jurisdiction. *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citation omitted).

Petitioners argue that the Court should strike Alexander's entire motion for summary judgment. (Pet'rs' Mot. Strike 1). "But Rule 12(f) is limited to striking pleadings, and not motions or supporting briefs. It is well settled that motions and briefs are not 'pleadings' under Rule 12(f)." *King v. Trader Joe's E., Inc.*, No. 3:20-CV-326-RGJ, 2020 WL 8184423, at *2 (W.D. Ky. Nov. 16, 2020) (citations omitted). Petitioners' request to strike Alexander's motion for summary judgment is thus improper under Fed. R. Civ P. 12 (f). Further, Petitioners have not shown that such a drastic remedy is appropriate in this case or that the motion for summary judgment has "no

possible relation to the controversy." *See Brown*, 201 F.2d at 819 (internal citation omitted) (citations omitted). Accordingly, the motion to strike is denied.[6]

C. **Alexander's Motion for Summary Judgment (DN 32)**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating that there are no genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party does so by citing to record evidence or showing that the record evidence lacks certain information that is necessary to the nonmoving party's position. *See* Fed. R. Civ. P. 56(c). "[A] motion for summary judgment filed before the close of discovery is often denied as premature in this circuit, either on the opposing party's [Rule 56(d)] affidavit and request or on the court's own initiative without an explicit request from the opposing party." *Wells v. Corp. Accts. Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. 2010).

Although Petitioners filed a Petition to compel arbitration in 2024, this case is still in its infancy. At this point, neither party has conducted discovery and the Court has yet to rule on Petitioners' motion to compel arbitration. Thus, the Court finds that a motion for summary judgment is premature at this stage. *See Whitaker v. Erie Ins. Co.*, No. 1:25-CV-00061-GNS-HBB, 2025 WL 2888369, at *2 (W.D. Ky. Sep. 16, 2025) ("In addition, the Sixth Circuit has noted that 'when the parties have no opportunity for discovery, . . . ruling on a summary judgment motion

---

[6] Petitioners also argue that "[i]n the alternative, the Court should deem the motion for summary judgment to be a request to deny the motion to compel arbitration and preclude Alexander from filing a reply in support of her superfluous motion for summary judgment." (Pet'rs' Mot. Strike 1). Alexander has already replied to the motion for summary judgment and both parties will have the opportunity to submit supplemental briefing to address arguments that may arise from the Second Amended Petition. (Resp't's Reply Mot. Summ. J.; Pet'rs' Mot. Compel Arbitration). Therefore, this alternative request is also denied.

is likely to be an abuse of discretion.'" (quoting *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008)). Accordingly, Alexander's motion for summary judgment is denied.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Petitioners' Motion for Leave to File a Second Amended Petition (DN 38) is **GRANTED**. Petitioners' Second Amended Petition (DN 38-1) is hereby filed as of record.

2. Petitioners' Motion to Strike (DN 39) is **DENIED**.

3. Respondent's Motion for Summary Judgment (DN 32) is **DENIED AS PREMATURE**.

4. The parties shall file simultaneous supplemental briefs related to Petitioners' Motion to Compel Arbitration (DN 22) to address changes in the Second Amended Petition by on or before **November 30, 2026**. The supplemental briefs shall be no more than 10 pages each. Respondent may file an Answer to the Second Amended Petition in accordance with Fed. R. Civ. P. 15(a)(3). The Court will then rule on the Motion to Compel Arbitration.

**Greg N. Stivers, Judge**
**United States District Court**
November 5, 2026

cc: counsel of record